**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Lazaro Ruiz,

        Plaintiff,

v.

Servbank NA,

        Defendant.

No. CV-26-00069-TUC-JGZ

**ORDER**

This action was commenced on February 3, 2026. (Doc. 1.) Plaintiff's deadline to serve expired on May 4, 2026. *See* Fed. R. Civ. P. 4(m).

Plaintiff has the general duty to prosecute this case. *Fid. Philadelphia Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to complete service of the Summons and Complaint on the Defendant within 90 days of the filing date of the Complaint constitutes failure to prosecute.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to serve Defendant, or to actively participate in this case, prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b), Fed. R. Civ. P., provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS ORDERED** that within 20 days of the date this Order is filed, Plaintiff shall show cause why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated this 12th day of May, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge

- 2 -