**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lazaro Ruiz,

Plaintiff,

v.

Servbank NA, et al.,

Defendants.

No. CV-26-00069-TUC-JGZ

**ORDER**

Pending before the Court are Plaintiff's Application for Clerk's Entry of Default (Doc. 24) and Defendant Servbank, N.A.'s Motion to Dismiss (Doc. 25). For the reasons set forth below, the Court will deny the Application for Entry of Default and grant the Motion to Dismiss.

## I. Application for Entry of Default

Plaintiff, proceeding pro se, filed this action on February 3, 2026, and filed an Amended Complaint on February 6, 2026. (Docs. 1, 5.) On June 8, 2026, Defendant Servbank, N.A. filed a Motion to Dismiss. (Doc. 18.) Plaintiff subsequently moved for leave to file a Second Amended Complaint. (Doc. 20.) On June 23, 2026, the Court granted Plaintiff leave to amend and denied Defendant's Motion to Dismiss without prejudice. (Doc. 21.)

Plaintiff filed his Second Amended Complaint on June 24, 2026. (Doc. 22.) Under Rule 15(a)(3), Defendant was required to respond within fourteen days after service. On July 9, 2026, Plaintiff filed an Application for Entry of Default, asserting that Defendant's

response was due July 8, 2026. (Doc. 24.) On July 10, 2026, Defendant filed its Motion to Dismiss (Doc. 25) and a Response opposing entry of default, requesting that the Court accept its untimely motion nunc pro tunc. (Doc. 26.) Defendant acknowledges that it missed the deadline but attributes the delay to an inadvertent calendaring error.

When a party retroactively requests the Court to consider an untimely filing, Federal Rule of Civil Procedure 6(b)(1)(B) requires a showing of excusable neglect. *Pincay v. Andrews*, 389 F.3d 853, 854–855 (9th Cir. 2004) (en banc). Whether delay was excusable is determined by considering "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Id.* at 855 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, the Court finds that Defendant has demonstrated excusable neglect. Although the missed deadline resulted from a calendaring error within Defendant's control, Defendant filed its Motion to Dismiss only two days after the deadline. Defendant has also previously appeared and actively defended this action. Nothing in the record suggests that the brief delay prejudiced Plaintiff, disrupted the proceedings, or resulted from bad faith. Accordingly, the Court will extend the response deadline nunc pro tunc to July 10, 2026. Because Defendant's response deadline has been extended and its Motion to Dismiss is deemed timely filed, entry of default is unwarranted.

## II. Motion to Dismiss

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The motion may be granted only if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. California Dep't of Corr. & Rehab.*, 707

F.3d 1114, 1122 (9th Cir. 2013) (quotation marks and citation omitted). Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must construe the complaint in the light most favorable to the plaintiff and accept its factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "'conclusory allegations of law and unwarranted inferences' cannot defeat an otherwise proper motion to dismiss." *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 820 (9th Cir. 2002) (quoting *Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. California*, 159 F.3d 1178, 1181 (9th Cir. 1998)).

Where dismissal is appropriate, "[t]he court should freely give [leave to amend the pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility. . . .").

**B. Discussion**

Defendant moves to dismiss all three claims asserted in Plaintiff's Second Amended Complaint ("SAC"): (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); (2) negligent misrepresentation and inaccurate account reporting; and (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(k), and Regulation X. (Doc. 25.) Plaintiff opposes dismissal, arguing that the SAC sufficiently alleges inaccurate credit reporting, inconsistent representations concerning his mortgage account, and improper mortgage servicing practices. (Doc. 27.) Alternatively, Plaintiff requests leave to amend.

### i. Count I — Fair Credit Reporting Act

Plaintiff fails to state a claim under the FCRA because he has not sufficiently alleged that Defendant received notice of his credit reporting dispute from a consumer reporting agency ("CRA").

Under § 1681s-2(b), a furnisher of credit information must investigate disputed information, review relevant information provided by a CRA, and take appropriate corrective action after receiving notice of a dispute from a CRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). However, "[t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Id.*

Here, Plaintiff alleges that Defendant reported his mortgage account as delinquent after reversing previously applied payments and that Plaintiff disputed the accuracy of that reporting. (Doc. 22 ¶¶ 11–12, 16, 19.) Plaintiff further alleges that, "[a]fter receiving notice of dispute from credit reporting agencies and/or Plaintiff," Defendant failed to conduct a reasonable investigation and continued reporting inaccurate information. (*Id.* ¶¶ 20–22.) However, Plaintiff does not allege that he submitted a dispute to a CRA or otherwise provide sufficient factual support for a reasonable inference that a CRA notified Defendant of the dispute. His allegation that Defendant received notice from "credit reporting agencies and/or Plaintiff" leaves uncertain whether Defendant received notice from a CRA, as required under § 1681s-2(b). Accordingly, Plaintiff has failed to plausibly allege that Defendant's statutory duties under § 1681s-2(b) were triggered.

In his Response, Plaintiff asserts that he submitted multiple disputes to Equifax, Experian, and TransUnion in 2023, 2024, and 2025. (Doc. 27 at 15.) Although these allegations cannot cure the deficiencies in the SAC, *see Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), they suggest that Plaintiff may be able to state a claim through amendment. Accordingly, Count I will be dismissed with leave to amend.

//

**ii. Count II — Negligent Misrepresentation/Inaccurate Account Reporting**

Plaintiff fails to state a claim for negligent misrepresentation under Arizona law. To the extent Count II seeks to impose liability for Defendant's credit reporting activities, it is preempted by the FCRA. To the extent it concerns representations made directly to Plaintiff, the SAC fails to adequately allege detrimental reliance and resulting pecuniary loss.

The FCRA preempts state law requirements or prohibitions concerning the subject matter regulated under § 1681s-2, including the responsibilities of entities furnishing information to CRAs. 15 U.S.C. § 1681t(b)(1)(F). However, preemption does not extend to every state law claim against an entity that furnishes credit information; it applies only to claims concerning the entity's legal responsibilities as a furnisher under § 1681s-2. *Aargon Agency, Inc. v. O'Laughlin*, 70 F.4th 1224, 1235 (9th Cir. 2023).

To the extent Count II seeks to impose liability under Arizona law for Defendant's alleged furnishing of inaccurate credit information, failure to investigate credit disputes, or failure to correct information furnished to CRAs, the claim concerns responsibilities regulated by § 1681s-2 and is therefore preempted. Because additional factual allegations cannot overcome this statutory preemption, amendment of that theory would be futile.

Plaintiff also alleges that Defendant made inaccurate representations directly to him concerning his mortgage account. Specifically, Plaintiff alleges that Defendant advised him on at least three occasions that his account was current, notwithstanding Defendant's continued treatment of the account as delinquent. (Doc. 22 ¶¶ 25–28.) These allegations concern communications between Defendant and Plaintiff rather than the furnishing of information to CRAs and therefore are not necessarily preempted by the FCRA.

Under Arizona law, negligent misrepresentation occurs when a defendant, in the course of business, supplies false information for the guidance of another in a business transaction without exercising reasonable care, resulting in pecuniary loss caused by the recipient's justifiable reliance. *St. Joseph's Hosp. & Med. Ctr. v. Rsrv. Life Ins. Co.*, 154

Ariz. 307, 312, 742 P.2d 808, 813 (1987) (en banc).

Although Plaintiff alleges that Defendant provided inaccurate and inconsistent information concerning his mortgage account, his allegations of reliance and resulting damages are conclusory. (Doc. 22 ¶¶ 25–29.) Plaintiff does not identify any action he took or refrained from taking in reliance on Defendant's representations or allege facts demonstrating that such reliance caused him pecuniary loss. Without factual allegations establishing detrimental reliance and resulting loss, Plaintiff fails to state a plausible negligent misrepresentation claim.

Count II will therefore be dismissed. As explained above, the FCRA preempts a state law claim premised on Defendant's furnishing of information to CRAs or related reporting responsibilities under § 1681s-2. Plaintiff may amend Count II to cure the deficiencies identified in his negligent misrepresentation claim based on Defendant's direct representations concerning his mortgage account.

**iii. Count III — RESPA and Regulation X**

Plaintiff fails to state a claim under RESPA and its implementing Regulation X because he has not sufficiently alleged that Defendant violated an applicable mortgage servicing obligation or that he suffered actual damages resulting from such a violation.

RESPA provides an action for damages against mortgage servicers who fail to comply with certain obligations concerning borrower inquiries and servicing errors. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 663 (9th Cir. 2012). Under § 2605(e), a mortgage servicer must respond to a qualified written request ("QWR") concerning the servicing of a mortgage loan. A QWR must (1) reasonably identify the borrower and account, (2) state the reasons the borrower believes the account is in error or provide sufficient detail concerning the information sought, and (3) seek information relating to the servicing of the loan. *Id.* at 666. Regulation X similarly requires mortgage servicers to investigate and respond to qualifying written notices of error, including errors involving the application or crediting of mortgage payments. 12 C.F.R. § 1024.35(a), (b)(2). Additionally, § 2605(k)(1)(C) prohibits servicers from failing to take timely action in

response to borrower requests to correct errors relating to payment allocation, final loan balances, avoiding foreclosure, or other standard servicing duties.

A borrower may recover actual damages resulting from a servicer's failure to comply with § 2605. 12 U.S.C. § 2605(f)(1)(A). The alleged damages must be causally connected to the RESPA violation itself, rather than merely to an underlying dispute concerning the loan. *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).

Here, Plaintiff alleges that Defendant reversed previously applied mortgage payments following the transfer of his loan, reallocated funds between principal, interest, and escrow, and subsequently treated his account as delinquent despite his continued payments. (Doc. 22 ¶¶ 6–16.) These allegations concern mortgage servicing activities within the scope of RESPA. See 12 U.S.C. § 2605(i)(3); *Medrano*, 704 F.3d at 666–67. However, allegations of servicing errors alone do not establish that Defendant violated its statutory or regulatory obligations.

Plaintiff alleges only that Defendant "failed to adequately correct servicing errors after notice." (Doc. 22 ¶ 32.) The SAC does not identify a written notice of error submitted to Defendant, describe the substance of any request to correct payment allocation errors, or otherwise allege facts sufficient to establish a violation of an applicable servicing obligation under § 2605(k) or Regulation X. Moreover, Plaintiff generally alleges financial and credit related harm but does not identify actual damages causally attributable to a violation of RESPA. *See* 12 U.S.C. § 2605(f)(1)(A). Accordingly, Plaintiff fails to state a plausible claim for relief under RESPA.

In his Response, Plaintiff identifies two written requests allegedly sent to Defendant on November 7 and November 13, 2024, seeking investigation and corrective action concerning his mortgage account. (Doc. 27 at 14–15.) Although these allegations cannot cure the deficiencies in the SAC, they suggest that Plaintiff may be able to state a claim through amendment. Accordingly, Count III will be dismissed with leave to amend.

//

**III. Leave to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely granted when justice so requires. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Although Plaintiff has previously amended his Complaint, the Court cannot conclude that further amendment would be futile as to all claims. As discussed above, Plaintiff identifies additional facts in his Response that suggest he may be able to cure the deficiencies in Counts I and III. Plaintiff may also be able to allege sufficient facts establishing justifiable reliance and resulting pecuniary loss arising from Defendant's direct representations concerning his mortgage account. However, amendment would be futile to the extent Count II seeks to impose liability under Arizona law for Defendant's credit reporting responsibilities governed by § 1681s-2. Accordingly, the Court will grant Plaintiff leave to amend, consistent with this Order.

Within thirty (30) days of the date this Order is filed, Plaintiff may file a Third Amended Complaint correcting the deficiencies identified in this Order. The amended complaint must be clearly designated as the "Third Amended Complaint," comply with the Federal Rules of Civil Procedure and LRCiv 7.1, and be complete in itself without incorporating any prior complaint by reference. An amended complaint supersedes the original pleading and becomes the operative complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992). Any claim omitted from the Third Amended Complaint generally will be considered abandoned. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff elects to amend, he must provide a short and plain statement of each claim, identify the conduct attributable to Defendant, and allege facts establishing his entitlement to relief. Plaintiff must cure the deficiencies identified by the Court. Specifically, for Count I, Plaintiff must allege facts supporting a reasonable inference that Defendant received notice of his credit reporting dispute from a CRA, thereby triggering its obligations under § 1681s-2(b). For Count II, Plaintiff must identify the allegedly false representations made directly to him, explain how he justifiably relied on those

representations, and allege the resulting pecuniary loss. Plaintiff may not reassert a state law theory seeking to impose liability for Defendant's credit reporting responsibilities governed by § 1681s-2. For Count III, Plaintiff must identify the mortgage servicing obligation allegedly violated, the conduct constituting that violation, and the actual damages resulting from it. To the extent his claim depends on a written notice of error or other borrower request, Plaintiff must allege facts concerning the request and Defendant's response or failure to respond.

Plaintiff is advised that failure to timely file a Third Amended Complaint correcting the deficiencies identified in this Order may result in dismissal of the action without further notice. *See Ferdik*, 963 F.2d at 1260–61.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Clerk's Entry of Default (Doc. 24) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Request for Extension of Time Nunc Pro Tunc (Doc. 26) is **granted**. Defendant's Motion to Dismiss (Doc. 25) is deemed timely filed.

**IT IS FURTHER ORDERED** that Defendant Servbank, N.A.'s Motion to Dismiss (Doc. 25) is **granted**. Plaintiff's Second Amended Complaint (Doc. 22) is **dismissed** for failure to state a claim.

//

//

//

//

//

//

//

//

**IT IS FURTHER ORDERED** that Plaintiff may file a Third Amended Complaint within **thirty (30) days** of the date this Order is filed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a Third Amended Complaint within **thirty (30) days**, the Clerk of Court shall, without further notice, enter judgment dismissing the remaining claims without prejudice and close this case.

Dated this 12th day of October, 2026.

Jennifer G. Zipps
Chief United States District Judge